IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD JEROME HINTON             :
    Plaintiff                                          :

v.                                                     :        Civil Action No. AMD-05-1809

MARYLAND DEPT. OF CORRECTION :
    Defendant                                     :
                              ..o0o..

MEMORANDUM

Pursuant to this court's order of July 11, 2005, plaintiff has supplemented his complaint. Plaintiff claims that despite the fact that his criminal convictions were overturned in 1977 and 1980, he remained incarcerated illegally. Paper No. 7. With respect to his claims that he was subject to physical abuse, plaintiff claims he was beaten by Officers Ross, George, and Anderson and, as a result, was hospitalized for two weeks. *Id*. The alleged beating took place on March 12, 1983. Plaintiff asserts that he was awarded a judgment against two of the officers involved in the beating in this court. *Id*.

The only claim raised that will be permitted to proceed is plaintiff's claim that he was illegally incarcerated. His claims regarding physical abuse that occurred in 1983 are barred by limitations[1] and apparently have already been the subject of litigation. Therefore, the claims of abuse are barred by the principles of *res judicata*[2]. All claims asserted in the instant complaint regarding

---

[1] There is no federal statute of limitations for § 1983 actions, therefore the applicable state statute applies. *Burnett v. Grattan*, 468 U.S. 42, 49 (1984); *see also Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (state statute governing personal injury should be applied to all § 1983 claims). Maryland has a three-year statute of limitations. Md. Cts. & Jud. Proc. Code Ann. § 5-101 (1995); *see Grattan v. Burnett*, 710 F.2d 160, 162 (4th Cir. 1983), *aff'd*, 468 U.S. 42 (1984).

[2] "Under *res judicata*, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action." *Montana v. United States*, 440 U. S. 145, 153 (1979) (citation omitted).

assaults taking place more than three years prior to the date of filing will, therefore, be dismissed. By separate order which follows, defendant shall be required to file an answer regarding plaintiff's allegation that he was illegally incarcerated.


July 26, 2005                                             /s/
Date                                               Andre M. Davis
                                                   United States District Judge