IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOWARD JEROME HINTON | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. AMD-05-1809 |
| MARYLAND DEPARTMENT OF CORRECTION | : | |
| Defendant | :<br>..o0o.. | |

MEMORANDUM

In this civil rights action, filed on July 1, 2005, plaintiff alleged that he was illegally incarcerated in the Maryland Department of Correction.¹ Defendant has filed a motion to dismiss or for summary judgment in response to the complaint. Paper No. 16. Plaintiff has filed a response in opposition to the motion. Paper No. 22. Also pending is plaintiff's motion for appointment of counsel. Paper No. 23. Upon review of the papers filed, this court finds a hearing in this matter unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, defendant's motion shall be granted.

Background

Plaintiff asserts he was imprisoned for 29 years after being wrongfully convicted on nine separate occasions. Paper No. 1. In his amended complaint, plaintiff asserts that three of his convictions were overturned on appeal. Paper No. 7. He claims that he was held illegally and, as a result, suffered several assaults by inmates as well as correctional officers resulting in the loss of eyesight in one eye. *Id*. He seeks monetary damages as relief.

---

¹ The complaint contains numerous allegations, most of which are time-barred. By order dated July 26, 2005, this court limited the complaint to the claim that plaintiff was illegally incarcerated. Paper No. 9.

According to verified records submitted by defendant, as well as the affidavit of the Division of Correction's Director of Commitment Jodie Stouffer, plaintiff was incarcerated from November 26, 1975, until June 29, 2004.  Paper No. 16 at Ex. A; Paper No. 24.  Plaintiff was sentenced by the Baltimore City Circuit Court to serve six years for attempted robbery with a deadly weapon and receiving stolen goods on November 25, 1975; the sentence commenced on July 3, 1975. Paper No. 24 at p. 1. He was again sentenced to serve two years "consecutive to sentence now serving" on January 6, 1976, for violation of probation. *Id*. at p. 2.  The sentence plaintiff was serving at the time was the six years commencing on July 3, 1975, making his maximum expiration date July 3, 1983.

On May 29, 1979, plaintiff escaped from custody and was returned to custody 190 days later, on December 5, 1979. Paper No. 16 at Ex. A, p. 2.   Because time spent out of custody on escape does not count as time spent incarcerated, plaintiff's maximum expiration date was adjusted to account for the 190 days he spent out of custody on escape by adding 190 days to July 3, 1983. Thus, the adjusted maximum expiration date after his return to custody was January 9, 1984.  *Id*.

Plaintiff escaped again on April 27, 1980, and was returned to custody on the following day. Accordingly, his maximum expiration date was again adjusted to account for the day he was out of custody to January 10, 1984. *Id*.  On September 17, 1980, plaintiff was sentenced to serve 20 years "consecutively to sentence now being served" after being convicted of robbery with a dangerous and deadly weapon, robbery, assault with intent to rob, assault, and theft in the Baltimore County Circuit Court. Paper No. 24 at p. 3.  At the time the 20 year sentence was imposed, plaintiff was serving the six year sentence imposed on November 25, 1975.  Paper No. 16 at Ex. A, p. 3. The 20 year sentence was consecutive to the six year sentence, but concurrent with the two year sentence imposed on January 6, 1976. The 191 days plaintiff spent out of custody on escape is accounted for in

2

determining the maximum expiration date of plaintiff's term of incarceration after imposition of the twenty year sentence; thus the maximum expiration date became January 4, 2002.

On September 2, 1983, plaintiff again escaped from custody and was returned to custody the following day. Paper No. 16 at Ex. A, p. 3. The day plaintiff spent at large was again added to the maximum expiration date of his term of incarceration, making it January 5, 2002. *Id*. On December 28, 1983, plaintiff was convicted of assault with intent to murder, attempted escape, and escape, for which he was sentenced to seven years of incarceration. Paper No. 24 at p. 4. The seven year sentence was, again, directed to be served "consecutive to sentence now serving." *Id*. At the time the sentence was imposed, plaintiff was serving the 20 year term imposed on September 17, 1980. Paper No. 16 at Ex. A, p. 3. Accordingly, plaintiff's maximum expiration date was adjusted to January 5, 2009. *Id*.

On September 26, 1989, plaintiff was convicted of attempted escape in the Circuit Court for Baltimore City. Paper No. 24 at p. 5. As a result he was sentenced to serve eight years consecutive to the 20 year term imposed on September 17, 1980. *Id*. At this point, plaintiff's maximum expiration date became January 5, 2010. Paper No. 16 at Ex. A, p. 4. Upon application of plaintiff's earned diminution of confinement credits (2,016 days total), he became eligible for release on mandatory supervision on June 29, 2004, and he was in fact released on that day. *Id*.; Paper No. 24 at p. 6.

Plaintiff's opposition to the motion for summary judgment asserts that the affidavit submitted is perjurious inasmuch as it omits plaintiff's convictions from Anne Arundel County and Baltimore County Circuit Courts which were reversed by the Court of Special Appeals. Paper No. 22. He does not appear to dispute that the other convictions and resulting terms of incarceration actually

3

occurred, but asserts they were the result of ineffective assistance of counsel. *Id*. at p. 3. He also accuses this court of being involved in a conspiracy to deny him the opportunity to be heard on his claims.[2] *Id*. at p. 2. In addition, he claims he has been the subject of a criminal justice experiment involving both the federal and state government and the use of an "MRI-like technology." *Id*.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A]

---

[2] Plaintiff has also included threats to court personnel in the pleadings filed in this case. Papers No. 20, 22 and 23.

complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

Analysis

To the extent that plaintiff is seeking monetary damages for wrongful convictions, his claim is barred because the convictions upon which his incarceration were based have not been overturned on appeal or otherwise vacated. Claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. *See Heck v. Humphrey*, 512 U. S. 477, 487 (1994). Assuming two of plaintiff's convictions were overturned, there is no evidence that after they were overturned he remained incarcerated on those convictions. To the contrary, there is ample evidence, that plaintiff has failed to refute, that he was incarcerated from November 25, 1975, to June 29, 2004 (with the exception of the time he spent out of custody on escape) for service of validly imposed terms of incarceration that were not overturned on appeal. Paper No. 16 at Ex. A; Paper No. 24. There is no evidence that plaintiff was incarcerated even one day beyond the time which he was obliged to serve. Accordingly, the complaint must be dismissed. A separate order follows.


Filed: November 14, 2005                           ___/s/_____
                                                   Andre M. Davis
                                                   United States District Judge